JOHN PELLETREAU, Executor of MEDCEF EDEN, deceased,
v. JOHN RATHBONE.

Probate of a will granted in one state, cannot be used in the courts of another.

To enable an executor to maintain a suit in this court, it is necessary that the fact of the probate of the will should be stated in the bill.

When that is done, and no objection raised by the pleadings, a probate taken out at any time before the hearing is sufficient.

Alleging in the bill that the complainant "hath taken upon himself the burthen of executing the trusts and duties required of him by the will, and become duly qualified as executor," is not sufficient to show his right to sue in the capacity of executor.

Stating in the bill, that the will has been duly proved in the state of New-Jersey, might be sufficient, without specifying whether such proof was in either of the orphan's courts or before the ordinary.

An original bill was filed by Rachel Eden, as executrix, and also a devisee in trust, under the will of Medcef Eden, deceased, which the defendant answered. Upon the death of the complainant, a bill of revivor and supplement was filed by J. Pelletreau, stating himself to be executor and devisee in trust under the will of the said Medcef Eden, and also administrator of the said Rachel Eden, deceased: which was demurred to for multifariousness. But the bill of revivor corresponding with the original bill, and bringing before the court the persons representing the parties to that bill, and it not appearing that the complainant relied on the supplemental matter, or any claim he might have as devisee in trust, it was held well.

IN this case a bill was filed by Rachel Eden, as one of the executors of the last will and testament of Medcef Eden, deceased, and also a devisee in trust under the said will, against the present defendant, for an account and payment of certain rents and profits devised by the said will. To this bill the defendant put in his answer; after which the complainant died. Upon her death the present bill of revivor and supplement was filed by J. Pelletreau, the complainant, stating himself to be

executor and devisee in trust under the will of the said Medcef Eden, deceased, in the bill of the said Rachel Eden set forth, and also administrator of the said Rachel Eden, deceased; and alleging, that in pursuance of the said will of the said Medcef Eden, deceased, he had taken upon himself the burthen of executing the trusts and duties required of him by the said will, and became duly qualified as executor to the said will. The bill contained no farther allegation of the probate of the will, nor any prayer for relief upon any claim the defendant might have as a devisee in trust under the said will.

To this bill the defendant demurred, and to sustain the demurrer relied on the following grounds:—

1. That the complainant, in his bill, had not stated or shown that the will had been duly proved by him in the state of New-Jersey to authorize him in his character as executor to maintain a suit in this court; and,

2. That the bill was multifarious, the complainant having united in the same bill three claims, in different rights and capacities, viz. 1. As executor of Medcef Eden, deceased; 2. As a devisee in trust under the will of the said Medcef Eden, deceased; and, 3. As administrator of Rachel Eden, deceased. The demurrer was argued by

*E. Van Arsdale, sen.* and *S. L. Southard,* for the defendant;

*G. Wood,* for the complainant.

Cases cited:—4 *Mas. R.* 32, 435, 461; 12 *Wheat. R.* 169; 3 *Mas. R.* 472; *Mitf. P.* 126; 2 *Eq. C. Ab.* 4, 5; 1 *John. C. R.* 85; 4 *John. C. R.* 199; 2 *Anst. R.* 469; *Coop. E. R.* 30; 1 *Chit. P.* 200; *Mitf. P.* 53, 55, *s.* 4; *ib.* 63; 1 *Dick. R.* 283; 2 *Mad. C.* 532; 1 *P. Wms. R.* 753; *Toll. Ex.* 46; 1 *P. Wms. R.* 752, 768; 2 *Atk. R.* 120.

THE CHANCELLOR. The first ground of demurrer in this case is, that the complainant has not by his bill alleged or set forth that he has duly proved the will of the said Medcef Eden, nor that he has duly qualified as executor to the said will in the state of New-Jersey.

The original bill was filed by Rachel Eden, who alleges herself to be one of the executors of the will of Medcef Eden, deceased, late of the city of New-York. She died, and upon her death the present bill to revive was filed by John Pelletreau, also of the city of New-York, styling himself " executor and devisee in trust of all the real estate of Medcef Eden the younger, late of Westchester county, in the state of New-York ; and also administrator of the goods, chattels and credits which were of Rachel Eden, of the city of New-York, widow, deceased." The complainant in the bill alleges " that in pursuance of the will of the said Medcef Eden the younger, in the bill of the said Rachel Eden set forth, and herein before set forth, your orator hath taken upon himself the burthen of executing the trusts and duties required of him by the said will, according to the provisions therein contained, and become duly qualified as executor to the said will."

It may be admitted as a principle, and was not at all disputed on the argument, that a probate granted in one state, cannot be used in the courts of another. It is too plain to require illustration : 1 *Cranch*, 258, 282 ; 3 *Cranch*, 219 ; 9 *Cranch*, 151 ; 3 *Mass. R.* 514 ; 1 *Pick.* 82 ; *Toller*, 72 ; 3 *Mason*, 472 ; 4 *Mason*, 19. The only questions that can be made, are these :

1. Is it necessary to *allege in the bill* the granting of probate ?—and if so,

2. Is it properly alleged in the present bill ?

On the first point, I am satisfied that it ought to appear by the bill that the party has authority to sue in the character of executor ; and that it will not answer to rely on proving the fact at the hearing of the cause. The omission of such allegation has often been the subject matter of a demurrer ; and I think, that from the cases themselves, as well as from the reason of the thing, there can be no doubt as to the correct course to be pursued.

In *Humphreys* v. *Incledon*, 1 *P. Wms.* 753, a bill was brought by an executor for the recovery of assets, and it did not appear that he had proved the will. The defendant demurred, because it did not appear by the bill that the plaintiff had proved his testator's will in any court, and Ld. Macclesfield allowed the demurrer ; and such was admitted by the register to be the prac-

tice of the court.   In later cases of very high authority, the ne-
cessity of such an allegation is fully recognized.   In *Armstrong*
v. *Lear*, 12 *Wheat.* 169, the question arose on a claim under
the will of general Kosciuszko; and the court said explicitly, that
it was indispensable to the plaintiff's title, to procure in the first
instance a regular probate of the testamentary paper in the or-
phan's court of the district of Columbia, (where the suit was ori-
ginally brought,) and *to set forth that fact in his bill.*   In that
case the objection was not taken *in limine* by a demurrer, but
at the hearing upon the merits of the case.   In *Trecothick* v.
*Austin and al.*, 4 *Mason*, 16, the point came up on demurrer,
and the opinion of Justice Story is in favour of the demurrer on
that ground, although the case was not decided expressly on that
point.   See also, on this subject, *Picquet* v. *Swan and al.*,
4 *Mason*, 460, 461.

I believe that this question has been up heretofore in this court,
in the case of the *Executors of Clymer* v. *James, Ridgeway
and al.;* and it was then held necessary that it should appear on
the bill that the probate had been granted.   I am not sure that
the decision did not go further, but what I have stated of it is
sufficient for my present purpose.

The old authorities cited at the bar, are not essentially at va-
riance with what I take to be correct principle.   In *Fell* v. *Lut-
widge*, 2 *Atk.* 120, it appeared upon the investigation that the
administration was not actually taken out until after the filing of
the bill; yet, having procured it before the cause came to a hear-
ing, it was held sufficient in equity, though not good at law,
because the defendant there might crave oyer of the letters.   But
it is to be considered that *it was charged in the bill* that letters
of administration had been taken out, and therefore the com-
plainant was entitled to a demand against the defendant.   This
was not denied by the answer.   The bill was good on the face of
it, and the proof necessary to establish the facts charged, was
held sufficient in equity, by relation.   The case of *Humphreys*
v. *Humphreys*, 3 *P. Wms.* 350, is not in point.   There a bill
was filed for an account of personal estate.   The person having
the right to administer on the estate was a party, but administra-
tion was not actually taken out.   The bill was demurred to on

that ground, and the demurrer allowed. Afterwards letters of administration were taken out, and the bill amended ; and it was then objected that the matter should have been charged in a sup-plemental, and not merely an amended bill ; and this was the ob-jection that was overruled by the Ld. Chancellor with some warmth. He observes at the same time, *as a dictum*, that where an executor, before proving the will, brings a bill, yet his subsequent proving of the will makes the bill a good one, though the probate was after the filing of it. I presume he must be taken as intending to say, that in all such cases, the bill should allege that probate had been taken out, whether the fact were so or not; otherwise this saying of Ld. Macclesfield would directly contradict his former decision, just quoted. Understanding this dictum as I think it ought to be understood, it is in perfect ac-cordance with all the cases on the subject.

In *Osgood* v. *Franklin*, 2 *Johns. C. R.* it was objected that the complainants produced, as their authority to sue, letters tes-tamentary from the state of Pennsylvania, and that they were of no force in another state. In answer to which, the court remark-ed, that the production of a probate recently taken out in New-York, cured that defect; and added, that "it seems to be pretty well settled that where no objection is raised by pleading, a pro-bate taken out at any time before the hearing, is sufficient in this court." The same doctrine is held in *Goodrich* v. *Pendle-ton*, 4 *Johns. C. R.* 549, and *Doolittle* v. *Lewis*, 7 *Johns. C. R.* 51.

The conclusion is, that it is necessary to set forth in the bill the fact of the probate of the will.

The next inquiry is, whether in this case the matter is suffi-ciently alleged. The complainant says, that he hath taken upon himself the burthen of executing the trusts and duties required of him by the will, and become duly qualified as executor. Now this may all be true, and yet the party have no right to come into this court in the capacity of executor. It appears on the face of the proceedings, that Medcef Eden, the testator, lived in West-chester, in the state of New-York. Rachel Eden resided in New-York. The assets were in that state, and the will was proved there by Rachel Eden. If, then, John Pelletreau, who is also a

resident in that state, has, as he says, become duly qualified as executor, shall he be taken to be duly qualified in New-York or New-Jersey? It was easy for him to make the proper allegation, if he had chosen to do so.

The object of requiring the complainant to set out in his bill, that he has proved the will, is a single one; that the court may see he has right to appear there in a representative capacity. It ought, then, to be set forth in such way as to satisfy the court of that fact. It should not be left to inference, especially where the natural and just inference, (as in this case,) would lead to a contrary conclusion. In the case of *Armstrong* v. *Lear*, already cited from 12 *Wheaton*, the court said expressly, that it should appear on the face of the bill, that the will had been regularly proved in the orphan's court of the very district in which the suit was brought; and for the want of that fact appearing, the whole proceedings were arrested.

It has been held unnecessary, in England, to allege in the bill in what court the will was proved. If proved within the kingdom, it will be sufficient. And by parity, if it be stated that the will has been duly proved within the state of New-Jersey, it might be sufficient, without specifying whether such proof was in either of the orphan's courts, or before the ordinary.

I incline to follow the case in *Wheaton;* not only on account of its high authority, but on the plain principle, that if it be necessary to make the allegation at all, (and that it is, I cannot doubt,) it should be made in such way as fully and substantially to answer the objects for which it is intended. In this particular the bill, more especially as a bill of revivor, in which the party is supposed to set out specifically his right to represent the former complainant, appears to me defective ; and as to this part of it, the demurrer is well taken, and must be allowed.

The second ground of demurrer is, that the bill is multifarious; and it may be expected that something will be said on that head.

The original bill was filed by Rachel Eden. She was the executrix of Medcef Eden the younger, and also a devisee in trust under the will of said Medcef Eden. Part of the rents and profits demanded in the bill, accrued in the life time of the testator;

and for these it was necessary she should come into the court in her representative capacity. Part of them accrued after the death of Medcef Eden, and could not be recovered by her as executrix, but as devisee. Whether she intended to prosecute both claims in the same suit, and whether if so intending she could legally do it; or whether she intended to proceed as executrix or as devisee, separately, are matters not proper to be inquired into at this time. The question is, whether the original suit is properly revived by this bill of revivor and supplement. I think it is. It is revived by Pelletreau, as executor of Medcef Eden, deceased, and also as administrator of Rachel Eden, deceased. The bill of revivor corresponds with the original bill, and brings before the court the proper persons representing the parties in that bill; and to that there can be no objection.

But it is said, that Pelletreau comes in a character which is not a representative character; that he styles himself not only executor, but devisee in trust of all the real and personal estate of Medcef Eden the younger. That he does so style himself in the commencement of the bill, is true; but I do not find that he relies in any degree in the supplemental part part of the bill, on any rights he may have as such devisee in trust. After setting out the facts, that he had become duly qualified to act as executor of the will of Medcef Eden, deceased; and that he had taken out letters of administration on the estate of Rachel Eden, deceased; he states that by virtue of the premises, he has taken upon himself the burthen of executing the said will upon the trusts therein expressed, and hath become entitled to revive the said action, so as aforesaid commenced against the said John Rathbone, by the said Rachel Eden, deceased. He does not state, that under this bill he is entitled to come in claiming originally as a devisee in trust. Whether he will so claim, is a matter which the court cannot now determine; and it would be harsh to allow a demurrer simply on the ground that a party coming properly into court as an executor, had also styled himself a devisee in trust.

It is presumed that the question here sought to be raised, may more fairly and properly be brought up in another stage of the cause, when the views of the complainant shall be more fully de-

43

July, 1831.

Pelletreau
v.
Rathbone.

veloped, and the court be enabled to discover with precision the grounds on which he seeks to rest his claims.

At present I feel it my duty to say, that, as to the last ground, the demurrer is not well taken; on the first ground, it must be allowed.

Demurrer allowed.