The decree under review will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Bigelow supplemented, however, as follows:
Appellant now for the first time contends that Chancery had no jurisdiction to entertain the proceeding for the reason that when the bill was filed the will had not been probated. The bill of complaint was filed August 14th, 1942; the answer, September 3d 1942; the replication, September 4th, 1942. The will was probated October 14th, 1942. The cause came on for hearing on December 14th, 1942; and still later, according to the Vice-Chancellor's conclusions, counsel appeared and submitted additional proofs upon which findings were requested. Appellant concedes that the events moved in that fashion but seeks to support her present objection upon the proposition that acquiescence of parties does not serve to confer jurisdiction over the subject-matter.
The rule is that parties cannot, by consent, give a court jurisdiction of the subject-matter which the court did not have without such consent. 7 R.C.L. 1039; State v. Baker,102 N.J. Law 349. The phrase "jurisdiction of the subject-matter" may relate to the particular case at the time receiving the attention of the court or it may mean jurisdiction over the class of cases to which the particular case belongs. It is not, and may not be, said that Chancery does not have jurisdiction to construe wills. In that sense the court had jurisdiction over the subject-matter. What the appellant here questions is the authority of the court to construe as a will that which was not probated and therefore was not in the technical sense a will at the time of the filing of the bill. Had the appellant, then the defendant, moved, in Chancery, to attack the sufficiency of the bill in point of jurisdiction, procedure under the bill would doubtless have been interrupted. Whether the bill would properly have been dismissed, without prejudice to the filing of a new bill when the event of probate had occurred (Cf. Armstrong v. Lear, Administrator, 12Wheat. 169; 6 Law Ed. 589) or merely held in abeyance subject to amendment, need not now be considered. The defendant as the custodian of the paper, the person *Page 97 
named therein as executrix and the sole beneficiary thereunder, was concededly about to seek probate. Complainant was led to her hasty and premature filing of the bill by the specific statement of intention made in writing on August 13th, 1942, on behalf of the defendant that the latter would claim entitlement to all moneys of her brother's estate which had come to him from the father and by the apprehension that the defendant, once in control of those moneys, would dissipate them. The defendant did presently offer the paper for probate, and probate was, as stated above, effected two months before the hearing on the bill. That which the court considered and construed was in fact a duly probated will. Timely objection to the bill upon the named ground, whatever the immediate disposition might have been, would not have affected the complainant's right to come back for a construction when the paper had actually been probated and occasion for construction existed. The defendant answered without moving to strike. The cause came on without objection for trial upon the merits. Trial was had and several weeks later the decision was filed. In our opinion the probating of the will brought the issue in the litigated case within the jurisdiction of Chancery to construe wills. See the discussion and citations in Pelletreau v. Rathbone, 1 N.J. Eq. 331 (at pp. 334 and335).
The decree below will be affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, JJ. 13.
 For reversal — None. *Page 98