95 N.J. Super. 600 (1967)
232 A.2d 187
ROBERT COLEMAN, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF EDISON, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1967.
Decided July 3, 1967.
*601 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Joseph F. Deegan, Jr. argued the cause for appellant.
Mr. Peter P. Kalac argued the cause for respondent (Messrs. Lane & Evans, attorneys).
PER CURIAM.
Plaintiff sued defendant township for injuries suffered in the course of a softball game held at a municipally owned and operated park. Following plaintiff's opening to the jury the county judge granted defendant's motion to dismiss the action on the ground that the township *602 was engaged in a governmental activity and was not liable under the municipal immunity statute, R.S. 40:9-2. This appeal followed.
The facts are not in dispute. The township's recreation department sponsors a softball league made up of eight or nine teams, each of which pays the township an annual fee of $50. The recreation department sets up and schedules the games and assigns the teams to four different playing fields in the township. On June 22, 1965 plaintiff was a member of the Rheem Manufacturing Company team engaged in a league game with the "Meade Street Aces" on a softball diamond in Crestwood Park, Edison Township. Crestwood Park is owned, operated, inspected, maintained and controlled by the township.
During the course of the game plaintiff attempted to steal home from third base. In doing so, his left foot caught on a raised bolt in the hard rubber home plate, causing him to fall and sustain injury to his left ankle.
The complaint alleged that defendant was negligent in defectively constructing and negligently maintaining and managing the home plate, and that plaintiff's injury was a direct and proximate result of that negligence. The municipality pleaded its statutory immunity under R.S. 40:9-2 as a complete defense.
In moving for involuntary dismissal on plaintiff's opening, defense counsel stated that for the purpose of his motion he would assume that everything said in the opening statement would be the basis of plaintiff's claim of municipal liability. Among the matters mentioned in plaintiff's opening were that the township delivered the base bags to the field on the day of the game; that it had a maintenance department and a groundkeeper for the park; that through them it controlled and laid out the diamond, installed the home plate and inspected the field on the morning of the accident; that the plate was in bad condition, and a visual inspection would have indicated that certain of the bolts or spikes had worn through its top surface. In short, it was alleged that the *603 township was negligent in the manner in which it maintained the softball diamond for those who were to play on it, that it failed to make a regular and necessary inspection, failed to repair the defects in the home plate known or that should have been known to it, and failed to provide a safe place for those engaged in the softball game.
Motions for dismissal on plaintiff's opening are not favored and should not be granted unless the facts are undisputed and the law free from doubt. Passaic Valley Sewerage Com'rs v. Geo. B. Brewster & Son, Inc., 32 N.J. 595, 606 (1960). It is elementary that such a motion admits the truth of all the facts outlined and gives to a plaintiff the benefit of every possible favorable inference which can logically and legitimately be deduced therefrom. Hirsch v. Schwartz, 87 N.J. Super. 382, 387 (App. Div. 1965).
Defendant argues that R.S. 40:9-2 bars the present action. Plaintiff, on the other hand, contends that the statute does not apply; rather, N.J.S.A. 40:61-22.21 does. R.S. 40:9-2 provides:
"No municipality or county shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."
N.J.S.A. 40:61-22.21 reads:
"The governing body of any municipality may acquire, establish, construct, own, control, equip, improve, maintain, operate and regulate 1 or more public swimming pools and such other recreational, playground, or public entertainment activities as it may determine to provide in connection therewith, and for any such purpose or purposes may construct, reconstruct, alter, provide, renew and maintain such buildings or other structures and equipment as it may determine, and provide for the care, custody and control thereof." (Italics ours)
The words "in connection therewith" clearly have reference to "public swimming pools." Crestwood Park with its softball diamond was not a recreational or playground activity or facility connected with a swimming pool, and *604 therefore N.J.S.A. 40:61-22.21 may not serve plaintiff as a ground for holding the township liable for the injury he suffered. Accordingly, plaintiff's recourse to our opinion in Weeks v. City of Newark, 62 N.J. Super. 166 (1960), affirmed o.b., 34 N.J. 250 (1961), a case which dealt with a municipal swimming pool where a small admission was charged after certain hours, is inapposite.
We recognize that public parks, open spaces, playgrounds and places for public resort, rest and recreation are facilities anciently provided by local government. Cf. R.S. 40:61-1. Such a category would suggest application of the familiar legal pattern of governmental vs. proprietary functions, and a determination that a public park is a governmental activity. In such case even active wrongdoing would not breach the wall of immunity which the Legislature has erected around municipalities under the provisions of R.S. 40:9-2. Cf. Schwartz v. Borough of Stockton, 32 N.J. 141 (1960), where the municipality was held immune from liability where part of the borough hall was rented to a fire company at a nominal fee and used to distribute relief clothing. Contrast such cases as Cloyes v. Delaware Tp., 23 N.J. 324 (1957), where the municipality operating a sewage disposal plant as a self-liquidating utility was held to exercise a proprietary function.
However, the present case is not one where we deal with a public park, quite simply. The municipality chose to make its four parks, including the one here in question, available for softball league purposes. To that end it sponsored a softball league, laid out regulation softball diamonds, scheduled games and assigned teams to the several playing fields, charging each team an annual fee (we lay no stress on this element because the nominal amounts received were undoubtedly far less than the cost of supervision and maintenance, cf. Schwartz v. Stockton, above, at pages 152-153), and delivered and installed the home plate and other base bags on the day of the game. This factual pattern goes beyond the mere provision and maintenance of a public park.
*605 The legal current runs ever more strongly against determining municipal liability on the basis of a distinction between governmental and proprietary activities. See our opinion in Weeks v. City of Newark, 62 N.J. Super. 166 (1960), and its references to decisional law and legal authorities; and compare what was said in another setting in B.W. King, Inc. v. West New York, 49 N.J. 318 (1967)  that our approach "ought not to be one of asking why immunity should not apply in a given situation but rather one of asking whether there is any reason why it should apply." And see 18 McQuillin, Municipal Corporations (3d ed. 1963), § 53.112, p. 433-439, and p. 443.
The statute here in question, R.S. 40:9-2, was not involved in King. Nor do we consider it as involved here. Plaintiff was not injured by reason of "the use of any public grounds" but because of allegedly defective equipment brought to the park and installed on the day of the game. Cf. Estelle v. Board of Education, Red Bank, 26 N.J. Super. 9, 18-19 (App. Div. 1953), modified on other grounds, 14 N.J. 256 (1954).
We therefore hold that R.S. 40:9-2 does not bar plaintiff's cause of action. Adopting the approach suggested in King and by modern legal authorities, we are of the view that the municipality was bound to exercise such care as might be expected of a reasonable man in the same or similar circumstances, particularly with respect to providing a home plate safe for the uses to which it was intended to be put.
We conclude it was error to dismiss the action on plaintiff's opening. The judgment of involuntary dismissal is therefore reversed and the matter remanded for trial.