JOHN C. PROFITT, Claimant and Appellee, v. J. G. WATTS CONSTRUCTION COMPANY, Employer and Appellant, and INDUSTRIAL ACCIDENT BOARD, Defendant.

No. 10371.

Submitted February 15, 1962. Decided April 26, 1962.

370 P.2d 878.

Lee A. Jordan (argued orally), Missoula, for appellant.

H. L. Holt (argued orally), Robert H. Robinson (argued orally), Missoula, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from an order and judgment of the District Court of the Eleventh Judicial District dismissing an appeal by the J. G. Watts Construction Company from certain orders of the Industrial Accident Board.

The facts which give rise to this appeal are as follows: John C. Profitt, respondent here, while an employee of the J. G. Watts Construction Company, appellant here, and who will hereafter be referred to as the Employer, became physically unable to continue working and quit his job. On October 6, 1959, Profitt filled out a claim for benefits under the Workmen's Compensation Act, stating he was injured while working as a cement bulk plant operator, that September 8, 1959, was the date total wage loss began, and that he had notified his Employer personally of his accident on September 4, 1959. His

description of the accident was: "coughing weakness due to the cement dust in lungs." This claim was received by the Industrial Accident Board on October 9th, accompanied by a letter from Profitt's attorney requesting that it be filed and requesting the Board to "take whatever action is necessary in line with the Occupational Disease Law pertaining to this claim." On October 13th the Board wrote to the attorney advising that the Employer was not enrolled under the Occupational Disease Act, that cement was not listed in the Act as a cause of compensable occupational disease, and that there appeared to be no action for the Board to take in the case.

On October 23rd the Board received a communication from another attorney representing Profitt requesting advice as to whether or not a claim for compensation had been filed, who the Employer's insurance carrier was, and whether or not the Employer had filed any notice of the accident. On November 3rd the Board advised the attorney that the claim had been filed and gave the same information as it had furnished the previous attorney. Counsel replied that he was not concerned with the Occupational Disease Act, but desired to know who the insurance carrier was under the Workmen's Compensation Act and again sought the same information previously requested. On November 6th the Board replied that Profitt had filed a claim for compensation but copy of the claim would not be furnished until counsel had been formally appointed by the claimant to represent him. The Board did advise that the Employer was enrolled under Plan 3, or the state fund, for accidental injuries, but further stated: "However, this man's case is not one of accident."

The power of attorney was secured and filed on November 19th and counsel in the accompanying letter wrote: "Is the last sentence and paragraph in your letter of November 6 an official finding or order of the Board, or your personal observation? If it constitutes an official order or finding of the Board, I suppose I can appeal from it. If it does not constitute such

a finding or order, I suppose I will have to proceed and get one.''

The Board replied that the wording was based upon a memorandum made by the Chairman and ''If you dispute it, you may proceed in any matter [sic] you wish.''

Following another inquiry on December 3rd, the Board advised counsel that no Employer's report and no medical report had been filed.

On December 3rd a druggist's claim for supplies furnished injured employee in the sum of $11 was received by the board from the Alton Pearce Drug Co. Thereafter the Board conducted an investigation, interviewed the doctor treating the claimant, but apparently not the Employer.

On February 22, 1960, the Employer acknowledged to the druggist receipt of a bill for $11 and advised that ''Until such time as we are advised of the authority for this charge, we cannot recognize same.'' The druggist then advised the Employer: ''The Doctor who prescribed for Mr. Profitt marked the prescription I.A.B. That is the authority for the charge.''

On March 8, 1960, the Employer wrote the Board, enclosing the bill, and stated: ''Inasmuch as this is an industrial accident case, we are forwarding same for your processing.'' The Board replied on March 11th, stating that it was not an industrial accident case but an occupational disease case and that Mr. Profitt would be responsible for his medical and drug bills.

On April 2, 1961, an Employer's First Report of Injury was received by the Board which contained this statement by the employer: ''Employer did not have knowledge of this matter until a claim was filed. The Employer does not believe that any injury was actually sustained as a result of or during the employee's employment. However, as indicated in the above report, claimant alleges that he was injured while on the job.''

On April 27th, the Employer requested a hearing on the matter and on April 28th a medical examination report was filed with the Board by the Employer. On May 4th the Board ad-

vised: "The case has been placed on the docket of the Board for hearing. Notice of time and place will be sent at least twenty days in advance of hearing."

On May 8th, following receipt of copy of the advice from the Board, counsel for Profitt wrote the Board advising that Profitt "hereby withdraws any and all claims for an award or compensation which he could or might have coming under either the Occupational Disease Act of Montana or the Workmen's Compensation Act of Montana, and hereby requests that an order be entered by your Board finally and forever closing and ending this matter." The Employer then advised the Board that it resisted any motion on the part of the claimant for dismissal and reiterated its demand for a hearing, further advising the Board that the medical report previously forwarded disclosed a coronary insufficiency and there had been no formal ruling by the Board nor had a hearing been held as to whether or not this "heart case" was a compensable claim. Counsel for Profitt immediately wrote the Board contending the Employer had no right or standing to object to the dismissal of the case and if the employee requested dismissal there would be nothing to be heard or determined and the matter would be moot. Counsel also advised the Board that the civil action had been set for trial in Missoula on May 24th and if he did not have the official order dismissing the matter in advance of the trial date it would be necessary to have a subpoena issued requiring attendance at the trial so the status of the matter could be shown and explained. On May 15th the Chairman of the Board advised counsel for Profitt that the Board would make an order dismissing the proceeding upon a motion signed personally by Profitt and endorsed by his attorneys, moving such dismissal. Such motion was filed with the Board on May 22nd and on the same day the Board entered its order fully and finally dismissing the claim of Profitt with prejudice.

On June 14th the Board received an application for rehearing from the Employer wherein application was made for a re-

hearing and an initial hearing. On June 19th the Board denied the application.

On July 5th notice of appeal from the orders of May 22nd and June 19th was filed in the District Court of Flathead County. On September 18th the District Court entered its order and judgment dismissing the appeal and affirming the orders of the Industrial Accident Board and this appeal followed.

The findings of fact and conclusions of law entered in the Federal District Court are before us by stipulation of counsel, and the judgment granted pursuant thereto has been appealed to the Court of Appeals of the Ninth Circuit.

The Federal District Court found:

"Defendant, during the time it was engaged in the construction of the Lakeside radar project, was duly enrolled under Plan 3 of the Workmen's Compensation Act of the State of Montana, but was not enrolled under the Occupational Disease Act of the State of Montana.

"At the time he became ill, the plaintiff filed a claim with the Industrial Accident Board of the State of Montana for compensation under the Workmen's Compensation Act, but was denied benefits on the ground that his condition was not covered by the Workmen's Compensation Act. However, no formal order by the Board was made denying such compensation and plaintiff eventually sought and obtained an order dismissing his petition for workmen's compensation."

The court further concluded:

"The heart and lung condition from which plaintiff suffers did not result from an injury as defined in the Montana Workmen's Compensation Act, and is not covered by said Workmen's Compensation Act, or is said condition covered by the Montana Occupational Disease Act, and therefore plaintiff is entitled to maintain this action."

The sole issue on appeal to this court is aptly framed by the appellant when it states: "May the Industrial Accident Board

order, without a hearing and upon ex parte application of the employee, the dismissal of a claim for compensation filed by an employee, after the employer has demanded a hearing as to the compensability of the claim.''

This court has previously held that an employee is entitled to a hearing upon demand. State ex rel. Lovely v. Swanberg, 135 Mont. 10, 335 P.2d 853.

The fact that an employer is entitled to a hearing before the Industrial Accident Board has not previously been before this court. However, it is urged by the appellant and admitted by the respondent that such a right should exist. Other jurisdictions have ruled that an employer is entitled to initiate and maintain proceedings before the Industrial Accident Board and is entitled to a hearing as a matter of right, even though an employee has not made a claim for compensation.

In Lockard v. St. Maries Lumber Co., 75 Idaho 497, 274 P.2d 995, an employee of the Lumber Company was injured on the job. The employee did not file a claim for compensation but his father instituted a common-law action in Federal Court. The Employer filed an application for a hearing before the Board which was refused. On appeal it was held that the Employer was entitled to a hearing. See also, Metropolitan Casualty Ins. Co. v. Maloney, 56 Ga. App. 74, 192 S.E. 320; Fidelity & Casualty Co. of New York v. Kennard, 162 Neb. 220, 75 N.W.2d 553; Halks v. Rust Engineering Co., 208 S.C. 39, 36 S.E.2d 852; Hoff v. Department of Labor and Industries, 198 Wash. 257, 88 P.2d 419.

Although respondent concedes that the Employer is entitled to a hearing under certain circumstances, he contends that in this case the employer is guilty of laches, and that the Federal Court judgment is *res adjudicata*. He also contends that the Federal Court had concurrent jurisdiction with the Board to determine coverage under the Act.

Prior to examining these allegations, a statement is necessary concerning the issue on this appeal. Nothing that is stated

in this decision is to be in any manner construed to the effect that under certain circumstances we do not believe that an employee may bring a common-law cause of action against his employer after electing to be bound by the Act. The issue is simply not before us and we do not rule on it.

This, however, does not imply that an employer would not have a vital interest in proceedings before the Board because section 92-203, R.C.M.1947, provides that "Any employer who elects to pay compensation" under the provisions of the Workmen's Compensation Act shall not be "subject to any other liability whatsoever for * * * personal injury to any employee except as in this act provided; and, except as specifically provided in this act, all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to, any such employee are hereby abolished * * *."

In Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964, this court stated: "That the Compensation Act of this state, in so far as it provides compensation to an injured employee for injuries received from an accident growing out of and in the course of his employment is exclusive of all other remedies, is unquestionable."

R.C.M.1947, § 92-204, provides in part:

"Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the

employee himself, and in case of death shall bind his personal representative, and all persons having any right or claim to compensation for his injury or death, as well as the employer, and those conducting his business during liquidation, bankruptcy or insolvency.''

■ On the issue of laches, we can find nothing in the record to support respondent's contention. The Employer was enrolled with the Board under Plan Three, the state fund, and therefore would have nothing to gain by delay. In addition, the record shows that the Employer had no notification of the claim until quite some time after it was filed.

■■ Second, respondent's contention that the Federal District Court judgment is *res adjudicata* is without merit. The issue on this appeal as previously stated is whether an employer is entitled to a hearing on demand before the Industrial Accident Board. This question was not considered by the Federal District Court and a decree is only conclusive as to the matters actually litigated. See Brennan v. Jones, 101 Mont. 550, 55 P.2d 697.

■■ On the question of concurrent jurisdiction, we have some difficulty. Basically, it is not a question of concurrent jurisdiction as the phrase is generally used. The Industrial Accident Board has no jurisdiction to entertain a common-law cause of action. On the other hand, neither our State District Courts nor the Federal Courts have jurisdiction to issue an award under our Workmen's Compensation laws without a previous hearing before the Board.

■ And under the particular fact situation which exists in this case, showing resort in the first instance to the Board, we do not believe that any court should conclude as to whether or not an alleged injury is such as is defined in the Workmen's Compensation Act, or is or is not covered thereby, without a previous hearing thereon by the Board, and their ruling having been made. The Board is composed of a body of experts whose duty it is to interpret the scope of the Act. Provision is made

in the Act for review by the courts following any ruling, and orderly procedure would seem to dictate that such course be followed.

The California Supreme Court in Scott v. Industrial Acc. Comm., 46 Cal.2d 76, 82, 293 P.2d 18, 22, considered a somewhat similar situation. Although the issue was one involving the California Industrial Accident Board and a California Superior Court, the court stated: ''In the present situation, however, as already indicated, the two tribunals involved—the superior court on the one hand, the commission on the other—do not have concurrent jurisdiction over the whole of the controversy, and one of them will be without jurisdiction to grant any relief whatsoever, depending upon whether or not the injuries were suffered within the course and scope of an employment relationship and so covered by the workmen's compensation laws. In other words, as already indicated, the only point of concurrent jurisdiction of the two tribunals appears to be *jurisdiction to determine jurisdiction;* jurisdiction once determined will be exclusive, not concurrent. (Citing cases.) If at the time of the accident there was no workmen's compensation coverage, then the commission is without jurisdiction to grant relief, and if there was such coverage then the superior court is without jurisdiction and must leave the parties to pursue their remedies before the commission. (Citing cases.) It is elementary that the type and extent of relief which can be granted and the factors by which such relief is determined differ materially between the two tribunals; the superior court cannot award workmen's compensation benefits, and the commission cannot award damages for injuries.''

The instant case varies from the situation which confronted the California Supreme Court in the Scott case. When the action was filed in the District Court of Flathead County, a claim filed by the claimant Profitt was still pending before the Industrial Accident Board. In the Scott case the accident occurred August 15, 1952, the superior court action was com-

menced December 23, 1953, and the claim filed with the Industrial Accident Commission on November 23, 1954. In this situation the Supreme Court decided that the superior court proceedings should proceed for purposes of determining jurisdiction and those before the Board be prohibited.

Here the claim was first in time, not the action. Profitt, when trial was about to be had, withdrew his claim and it is at once apparent that there can be serious danger to a workman in circumstances such as exist here by this procedure. In the event it would be ultimately decided that the employee did not have a cause of action he is left without a remedy. Profitt has a wife and nine children and he should have been heard promptly by the Board for the purpose of determining whether his injury was within the Act and compensable and, if not, he would then be in position to seek such other relief as to him appeared proper. In this case he filed a claim with the Industrial Accident Board and he was and is entitled to a hearing; the Employer likewise was entitled to a hearing, and until such hearing has been held we hold that the Industrial Accident Board lacks authority to dismiss the claim.

What was said by the California District Court of Appeals when the appeal in the Scott case [Scott v. Pacific Coast Borax Co., 140 Cal.App.2d 173, 294 P.2d 1039, 1042, 1043] reached it from a judgment of nonsuit entered in the trial court, based upon its finding that the injury was industrial, and that the authority to fix compensation was vested exclusively in the Industrial Accident Commission, bears repeating here:

''At the very outset, we deem it pertinent to remark that merely because this case reaches us in the form of a common law negligence action for damages, brought by an employee seeking to avoid the exclusive remedy of the Workmen's Compensation Act, we cannot be oblivious to the time-honored rules which have been established to implement the remedial purposes of the Act. First and foremost is the principle that the provisions of the act 'shall be liberally construed by the courts

with the purpose of extending their benefits for the protection of persons injured in the course of their employment.' Lab. Code, § 3202. The effect of this statutory injunction is to require, where there is any reasonable doubt as to whether the act of the employee is contemplated by the employment or whether the injuries were sustained in the course of the employment, that the courts resolve such doubts in favor of jurisdiction in the Industrial Accident Commission. Freire v. Matson Nav. Co., 19 Cal.2d 8, 10, 118 P.2d 809; Peterson v. Moran, 111 Cal.App.2d 766, 768, 245 P.2d 540; Moise v. Owens, 96 Cal.App.2d 617, 619, 216 P.2d 22. Though it may be more opportunistic for a particular plaintiff to seek to circumscribe the purview of compensation coverage because of his immediate interest and advantage, the courts must be vigilant to preserve the spirit of the act and to prevent a distortion of its purposes. That the question before us in this case arises out of litigation prosecuted in the superior court is all the more reason for care lest rules of doubtful validity, out of harmony with the objectives of the Act, be formulated. As was aptly stated in Freire v. Matson Nav. Co., supra [19 Cal.2d 8, 118 P.2d 810]: 'The rule [of liberal construction of the act in favor of its applicability] is not altered because a plaintiff believes that he can establish negligence on the part of his employer and brings a civil suit for damages. If the injury falls within the scope of the act, a proceeding thereunder constitutes his exclusive remedy. * * *' ''

In another action (Taylor v. Superior Ct., 47 Cal.2d 148, 301 P.2d 866, 867, 868) seeking a writ of prohibition the fact situation disclosed that the employee filed a claim with the California Industrial Accident Commission on March 20, 1954, and on December 28, 1954, filed a superior court action against the employer ''based on the same alleged accident as set forth in the Industrial Accident Commission proceeding.'' While the matter was still before the Commission the superior court set the cause for trial. The Supreme Court stated:

"It is apparent from the above recited matters that McVey first invoked the jurisdiction of the commission and thereafter sought that of the superior court to adjudicate his claims as to the same injury, and that the question as to which tribunal has jurisdiction over the subject matter of the injury depends upon whether McVey was injured within an employment relationship with petitioner. Therefore, under the holding of Scott v. Industrial Acc. Comm. (1956), supra, 46 Cal.2d 76, 293 P.2d 18, the superior court should not try the case until the commission has made a final determination of the issue as to whether it or the court has jurisdiction to proceed, i. e., as to whether McVey's alleged injuries are covered by the workmen's compensation laws so far as concerns his claims against petitioner. Meanwhile, the commission should proceed to a determination of such issue. Its adjudication, when final, will be conclusive on all parties.

"We note that respondent court suggests in the points and authorities accompanying its return that 'Had the question been properly presented respondent court might have determined that it lacked jurisdiction of the action' and that 'The case of Scott v. Industrial Accident Commission * * * would seem to be controlling upon the facts alleged in the petition herein, and the Superior Court action should abate by reason of the prior application to the Industrial Accident Commission.' "

For these reasons the cause is remanded to the District Court with instructions to vacate and set aside its order and judgment of September 18, 1961, dismissing the appeal and affirming the orders of the Industrial Accident Board, and to make and enter an order remanding the cause to the Board with instructions that it reinstate the claim and set and hold a hearing to determine its compensability.

It is so ordered.

MR. JUSTICES DOYLE, ADAIR, CASTLES and JOHN C. HARRISON, concur.