**JONES DRILLING COMPANY, Petitioner,**

v.

**Hon. Charles S. WOODSON, Judge of District Court of Creek County, Respondent.**

**No. 46075.**

Supreme Court of Oklahoma.

Feb. 27, 1973.

Rehearing Denied May 1, 1973.

Benefield, Shelton & Johnson by John A. Johnson, Oklahoma City, for petitioner.

Hunt & Thomas by Jake Hunt, Oklahoma City, for respondents.

HODGES, Justice.

This is an application for Writ of Prohibition and Stay Order by Jones Drilling Company to prevent the respondent, Judge of the District Court of Creek County, Oklahoma, from proceeding further in a certain action now pending in that court. An alleged conflict of jurisdiction between the State Industrial Court and the District Court of Creek County is involved.

On the 10th day of September, 1971 Ruby Anderson as claimant, filed a Form 3 death claim for compensation in the matter of the death of Odis F. Anderson, her deceased husband. She claimed that her husband died as the result of injury sustained on August 7, 1971, while he was in the employment of Jones Drilling Company (Jones). Her husband, along with two other employees of Jones, was a passenger

in an automobile allegedly driven by Noble Ray McClanahan, the driller for Jones. The vehicle left the roadway and went down an embankment causing fatal injuries to Odis F. Anderson, Noble Ray McClanahan, and Billy Ross. W. A. Stultz, Jr., survived.

The State Industrial Court on March 15, 1972, ordered that the claim be held in abeyance and claimant was authorized to pursue her remedy in the district court.

The respondent, Jones Drilling Company, and the insurance carrier filed an answer in the State Industrial Court March 23, 1972. They denied that Odis F. Anderson was injured and that he died as the result of an accident occurring out of and in the course of his employment. They further denied that they would be liable for the injury.

On March 16, 1972, Ruby Anderson, after having an administrator appointed for the estate of Noble Ray McClanahan, filed a wrongful death action in Creek County against the administrator of the estate of Noble Ray McClanahan, deceased, and Jones Drilling Company, a corporation.

Jones filed an amended answer in District Court, September 13, 1972, which contained a verified denial that the driver of the vehicle was acting as the agent, servant, or employee of Jones, or that any of the passengers were acting within their employment at the time of the accident. As an alternative defense, Jones asserted that the District Court lacked jurisdiction and that exclusive jurisdiction was vested in the State Industrial Court if, in fact, the car's driver and passengers were acting as servants and employees of Jones within the scope of their employment at the time of the accident.

Various motions objecting to venue and jurisdiction and for summary judgment were filed by defendants in the Creek County case which were overruled. The case was set for jury trial.

Jones then filed an application requesting the Supreme Court to assume original jurisdiction and to issue a stay order and writ of prohibition. Jones alleged that exclusive jurisdiction was vested in the Industrial Court and that the District Court of Creek County lacked venue and jurisdiction of the subject matter.

■ When an injury to an employee arises out of and in the course of his employment in an occupation which is covered by the Workmen's Compensation Act, the State Industrial Court has exclusive jurisdiction of the matter. The District Courts are without authority to consider a civil action on the part of the employee for the recovery of damages against the employer. Ford v. Holt, 191 Okl. 534, 131 P.2d 67, 68 (1942).

■ The death benefit provisions of the Workmen's Compensation Act were adopted as a substitute remedy for the Wrongful Death Statute and are applicable to causes of action which arise from death of workers employed in covered hazardous occupations. Parker v. National Zinc Company, 406 P.2d 493, 497 (Okl.1965).

Claimant first invoked the jurisdiction of the State Industrial Court by filing the Form 3 claim alleging that her husband died as the result of injury suffered during the course of his employment.

■ The general rule is that when jurisdiction of subject matter and person is once acquired it will not be defeated or divested by subsequent events. Turk v. Coryell, 419 P.2d 555, 558 (Okl.1966).

■ Prohibition will lie to prevent a district court from attempting to proceed in a matter already properly before another office or tribunal. It is an appropriate remedy to prevent an intolerable conflict in the exercise of jurisdiction between courts of equal jurisdiction. To permit district court to proceed would be an unwarranted and unauthorized application of judicial force. Board of County Commissioners v. City of Norman, 472 P.2d 910 (Okl.1970); State v. Lohah, 434 P.2d 928, 929 (Okl. 1967); Lee Evans Oil & Gas Co. v. Superior Ct. of Seminole County, 344 P.2d 670 (1959).

A somewhat similar factual situation existed in Rex Truck Lines, Inc. v. Simms, 401 P.2d 520, 523 (Okl.1965). In that instance, a question of insurance coverage was involved. Claimant, as in the instant case, had first filed in the State Industrial Court and subsequently filed a wrongful death action in District Court. The court stated:

"Of course in the instant case, with the jurisdiction of both courts dependent upon an undetermined fact question, it cannot be said with certainly that either court has 'power to adjudicate all issues between the parties'. It would seem, therefore, that the district court proceedings should be held in abeyance until such time as the State Industrial Court, which first acquired jurisdiction, makes a final and conclusive finding of fact on the insurance coverage question."

Although the action in the State Industrial Court has been held in abeyance, it is a well settled principle in Oklahoma that the court first acquiring jurisdiction should be permitted to proceed.

"As between two courts having concurrent jurisdiction of subject matter, the court first acquiring jurisdiction will retain jurisdiction to the exclusion of the other."

Rex Truck Lines, Inc. v. Simms, 401 P.2d 520, 523 (Okl.1965), citing Woolley v. Shaw, 192 Okl. 107, 136 P.2d 398 (1943).

We assume original jurisdiction, and grant the Writ of Prohibition. The respondent judge is hereby prohibited from enforcing his order setting the matter for trial or from undertaking further proceedings in the action now pending in his court until such time as the State Industrial Court has made a final and conclusive finding that Odis F. Anderson was not acting within the scope of his employment at the time of the accident which resulted in this death.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.