174 N.J. Super. 442 (1980)
416 A.2d 965
SINGER SHOP-RITE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
FELIX RANGEL, DEFENDANT-COUNTERCLAIMANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 22, 1980.
Decided June 10, 1980.
*444 Paul T. von Nessi argued the cause for appellant (Krieger & Chodash, attorneys; William E. Norris on the brief).
Kenneth C. Krause argued the cause for respondent (Hughes, Finnerty & Krause, attorneys; Kenneth C. Krause and John J. Hughes on the brief).
Before Judges FRITZ, KOLE and LANE.
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is an appeal by plaintiff from a judgment for defendant on his counterclaim in a tort action tried to a jury. Plaintiff's complaint charged that defendant, a former employee, had converted or embezzled $2,000 belonging to plaintiff and entrusted to defendant. Defendant counterclaimed asserting that plaintiff had maliciously prosecuted him for the alleged embezzlement and that two of plaintiff's employees had committed an assault and battery on him in the course of investigating the disappearance of the money.
In response to special interrogatories the jury concluded that defendant had not appropriated plaintiff's money to his own use. With respect to the counterclaim it concluded that plaintiff had not filed the criminal complaint "without reasonable or probable *445 cause and with malice." But it held that plaintiff, "through its employees," had committed an assault and battery on defendant, and although it allowed no compensatory damages, the jury awarded $15,000 in punitive damages to defendant.
Plaintiff's motion for judgment notwithstanding the verdict or alternatively for a new trial was denied.
Plaintiff appeals, contending: (1) the trial court had no jurisdiction to entertain the counterclaim for the assault and battery since, if it occurred, it was committed by a fellow employee, wherefore defendant's only recourse was a claim for workers' compensation; (2) the award of punitive damages must be overturned since there were no compensatory damages awarded, because there was no proof that the people who committed it were acting for the corporate plaintiff and because the award was excessive; (3) the trial judge improperly abridged plaintiff's right to cross-examine defendant, and (4) it was error to deny the post-trial motions because no compensatory damages were awarded and because a juror who had voted against a finding of assault and battery voted for the award of $15,000.
Plaintiff did not raise or suggest the jurisdictional point before this appeal. It now attempts to avoid the impact of Nieder v. Royal Ind. Ins. Co., 62 N.J. 229, 234 (1973), declaring that ordinarily we will decline to consider questions not properly presented to the trial court, by citing Estelle v. Red Bank Bd. of Ed., 14 N.J. 256 (1954), for the proposition that jurisdiction cannot be bestowed by consent or acquiescence. While, for reasons which will appear, we are satisfied that the trial court had jurisdiction whereby we might now simply decline to entertain this belated attack, we choose not to do that. Rather we will express our views on the questions implicit in the jurisdictional issue. Our response is bifold.
First, where there is a substantial question of the applicability of the workers' compensation statutes we see no reason why the common law courts should not have jurisdiction at least to try that issue. The common law court is deprived of jurisdiction only where the workers' compensation remedy is *446 exclusive. Estelle is circumscribed by a factual milieu in which both parties conceded the existence of a compensable occupational disease. Its holding speaks in terms of a situation "where clearly [the employee's law court] remedy has been taken from him by the statute." 14 N.J. at 261. Not all persons injured in an industrial accident need rely solely on workers' compensation remedies for redress. For instance, infants under 18 years of age have by statute been given an election as to the forum. N.J.S.A. 34:15-10. Off-premises injuries often raise questions of compensability and therefore, at least in cases involving fellow employees, a question as to the proper forum. Where a genuine question of jurisdiction, exclusive, primary or concurrent, is involved we perceive no statutory injunction against the trial of that issue in either forum, although the parties should remain sensitive to statute of limitations problems which may exist. See Barone v. Harra, 77 N.J. 276 (1978).
Second, we are persuaded that in the circumstances of this case, jurisdiction has not been pre-empted by the workers' compensation statutes. The fact that accidental injury for workers' compensation purposes has been defined as an "unlooked-for mishap or untoward event which is not expected or designed," Dudley v. Victor Lynn Lines, Inc., 32 N.J. 479, 490 (1960), suggests legislative recognition that the results of not all industrial occurrences need be imprisoned within the four walls of the workers' compensation hearing room. We are certain this is never more apparent than here where the jury, by its assessment of punitive damages, implicated the corporate employer as an intentional tortfeasor, a classification far removed from association with an unlooked-for mishap or untoward event. Even critics of Keller v. Pastuch, 94 N.J. Super. 499 (App.Div. 1967), certif. den. 49 N.J. 372 (1967), and the suggestion of its penultimate paragraph in seeming disregard for Estelle, must concede the substantial distinction between the problem there and the problem here. We have no doubt that here plaintiff's consent or acquiescence was not required to confer jurisdiction on the trial court. That was done by the nature of the event.
*447 Professor Larson distinguishes such an exception to that which he calls "the normal exclusiveness rule" by differentiating an intentional attack by the employer from one "constructively through an agent." He is willing to forego exclusivity only when the attacker is "realistically the alter ego of the corporation, [not] merely a foreman, supervisor or manager." 2A Larson, The Law of Workmen's Compensation, § 68.21 at 13-10; id. § 68.11 at 13-1 (1976). The distinction is of no moment here. It is clear that the deed was committed, if at all, by those employed to serve the corporation as ones (though not technically an "alter ego" as is the individual personal owner of a small family corporation) to whom corporate intent is easily imputed in the investigative situation. These were not "merely a foreman, supervisor or manager" or the like. The jury verdict confirmed that view. The voice may well have been the voice of Jacob, but the hands were indeed the hands of Esau.[1] In such situation a common law cause of action against the employer will lie. Smith v. Rich's, Inc., 104 Ga. App. 883, 123 S.E.2d 316 (Ct.App. 1961).
We do not intend by anything said here to broaden or diminish the jurisdiction of either the workers' compensation forum or the common law court, or to attempt to confer jurisdiction where there is none. Both the judge of compensation and the trial judge should be steadfast in their readiness to resist the assertion of jurisdiction in cases where it is evident the matter should be tried elsewhere.
We turn to the remaining issues, none of which is meritorious.
Contrary to plaintiff's second contention an award for punitive damages can be sustained even though no compensatory damages are awarded. In Barber v. Hohl, 40 N.J. Super. 526 *448 (App.Div. 1956), we recognized (at 534) that "more frequently than not, an actual verdict or award of compensatory damages is held a prerequisite for the allowance of punitive damages." But then we observed that there are situations "where the right to exemplary damages inheres in the wrong, as for false imprisonment... in which case compensatory damages need not be established" (ibid.), and held, in any event:
... [W]here actual damage has been shown to accrue from a tortious act, although the proofs are insufficient to show its pecuniary measure or an award of compensatory damages miscarries for procedural reasons, the return by the fact-finder of punitive damages will nevertheless be permitted to stand, if otherwise warranted. Such a rule is broadly remedial and involves no conflict with the rationale of the general rule stated first above. [at 535.]
Here the jury specifically found that an assault and battery had occurred. It may well have found the proofs insufficient to measure the pecuniary damages flowing from that injury. Nevertheless, the jury decided that punitive damages were otherwise warranted. We will not disturb that determination. Appellant's further arguments that punitive damages cannot be sustained "[w]here no distinction can be made between Principal and Agent" and that the award was excessive were not raised below and will not be considered here. Nieder v. Royal Ind. Ins. Co., supra. We do note that in our opinion the verdict was not so disproportionate to the injury as to convince us that to sustain the award would be manifestly unjust. Baxter v. Fairmont Food Co., 74 N.J. 588, 596 (1977). Accord, Leimgruber v. Claridge Associates, Ltd., 73 N.J. 450 (1977).
The scope of cross-examination ordinarily rests in the discretion of the trial judge. State v. Petillo, 61 N.J. 165, 169 (1972), cert. den. 410 U.S. 945, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). In the matter before us we find no mistaken exercise of this discretion respecting defendant's deposition testimony.
Finally, the fact that a juror who voted against a finding of assault and battery voted for the award of punitive damages did not require a new trial. There is no requirement that the same jurors agree on all issues. Ward v. Weekes, 107 N.J. Super. 351, 353 (App.Div. 1969); Pressler, Current N.J. Court Rules, Comment R. 1:8-2 (1980).
Affirmed.
NOTES
[1] In arriving at this conclusion we have in all fairness ignored the equation by trial counsel for Singer Shop-Rite, Inc. of the corporate plaintiff with its investigator. For instance, in summation, while addressing the jury on the issue of malice, counsel said, "But if you find that Mr. Goodridge [the investigator] and Singer Shop-Rite, and I use those terms interchangeably, had probable cause, you could stop there." (Emphasis supplied.)