On respondents' petition for rehearing filed January 19, 1984; petition for rehearing denied; former decision filed December 28, 1983 (296 Or 208, 675 P2d 172) modified; reversed and remanded to trial court for further proceedings April 10, 1984

## WELCH,
*Petitioner on Rehearing,*

*v.*

## BANCORP MANAGEMENT ADVISORS, INC. et al,
*Respondents on Rehearing.*

(TC A7606-98609, CA A20958, SC 28800)

679 P2d 866

Mildred Carmack, Portland, filed the petition for rehearing.

Before Peterson, Chief Justice and Lent, Linde, Campbell,* Roberts, Carson and Jones.

CARSON, J.

---

* Campbell, J., not participating.

**CARSON, J.**

Plaintiff's petition for rehearing contends that this court erred in its initial decision in this case, 296 Or 208, 675 P2d 172 (1983), in respect of his first claim for relief.[1] As to plaintiff's first claim, we held that the Court of Appeals erred and that the trial court was correct in holding that defendants were entitled to summary judgment on plaintiff's claim of interference with contract arising from improper motives. Our initial disposition of the case would have ended plaintiff's first claim.

Plaintiff contends that we overlooked deciding an issue which was necessarily revived by our reversal of the decision of the Court of Appeals. The record discloses that plaintiff had relied upon two distinct theories for recovery of damages for defendants' alleged improper interference with the contract between plaintiff and defendants' principal. Plaintiff alleged both that the claimed interference arose from improper motives and that defendants had employed improper means, namely, intentional misrepresentation and false advice. As plaintiff correctly contends, after the Court of Appeals decided that summary judgment was incorrectly allowed on the improper motives theory, the Court of Appeals did not reach the improper means aspect of the claim. The case came to this court on defendants' petition for review, which, quite understandably, dealt with claimed error of the Court of Appeals with respect to its decision concerning the law applicable to the improper motives theory of recovery. Our initial decision addressed that controversy. Plaintiff is correct, in his petition for rehearing, in asserting that his theory concerning a right to recovery of damages for improper means should be addressed.[2] If we correctly understand plaintiff's petition for rehearing, his point is that if we simply approve

---

[1] Plaintiff's second claim for relief, relating to alleged misrepresentations made by defendants directly to plaintiff, was dismissed by the trial court on defendants' motion to dismiss as untimely filed. Plaintiff also appealed this dismissal to the Court of Appeals, which reversed the trial court. Defendants also petitioned this court for review on this claim. However, we affirmed the Court of Appeals on this issue. That part of our decision is not now before us.

[2] Ordinarily, a remand to the Court of Appeals for its review of the second part of the claim would be in order. However, because of the age of this case and the attendant further delay necessarily resulting from further appellate review, and because of the heavy workload of the Court of Appeals, we choose to treat the second part of the motion for summary judgment as a revived issue and resolve it forthwith.

allowing summary judgment on the ground that there was no improper motive, we place the stamp of approval on the use by the agent of improper means to sway the principal to breach the contract just because the agent may have acted for what the agent believed to be the benefit of the principal.[3]

We now turn to the revived issue. In this case, as in many others, defendants, as the moving parties, have a heavy burden in obtaining a favorable decision on a motion for summary judgment. Defendants have the burden of establishing, as to the allegation of contractual interference by improper means, that there exists no genuine issue as to any material fact and that they are entitled to a judgment as a matter of law. ORCP 47 C. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980). On defendants' motion for summary judgment, the burden falls upon them even though plaintiff would have had the burden of establishing his claim at the time of trial. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). Further, the record herein is to be viewed in the light most favorable to plaintiff, *Stanfield v. Laccoarce, supra,* 288 at 665, including all reasonable inferences of fact therefrom. *Uihlein v. Albertson's, Inc.,* 282 Or 631, 634, 580 P2d 1014 (1978).

With the foregoing general propositions in mind, we again have reviewed the rather voluminous trial court file. Before the Court of Appeals, defendants' arguments in favor of upholding the summary judgment, on this part of plaintiff's claim, focused on plaintiff's failure to argue or factually support his claim of misrepresentation and false advice. On the motion for summary judgment, the burden initially was on defendants, not on plaintiff. The record does not support the conclusion that defendants are entitled to a judgment as a

---

[3] If, on the other hand, plaintiff is contending that we have abandoned the rule appropriate to an improper motive claim requiring "good faith," we did not do so. Our initial opinion clearly states that the concept of good faith is embodied in the second prong of our test of the issue of motive. We stated in our discussion of *Wampler v. Palmerton,* 250 Or 65, 439 P2d 601 (1968),

"[W]e held that good faith means no more than intent to benefit the [principal] and is not equated with absence of a personal interest in the financial welfare of the [principal]." 296 Or at 215, 675 P2d at 177.

matter of law. Defendants have not met their burden. The trial court's summary judgment on the claim of interference with contract by improper means is reversed.

Plaintiff's petition for rehearing is denied. The case is remanded to the trial court for further proceedings.