COPE,
*Appellant,*

*v.*

WEST AMERICAN INSURANCE CO. OF
THE OHIO CASUALTY GROUP et al,
*Respondents.*

WEST AMERICAN INSURANCE CO. OF
THE OHIO CASUALTY GROUP,
*Third-Party Plaintiff,*

*v.*

HURLEY-HENDERSON, INC.,
dba Hurley-Henderson Insurance, Inc.,
fka Driscoll, Padgett & Hurley,
*Third-Party Defendant.*

(86-356 CV; CA A45475)

768 P2d 410

George W. Kelly, Eugene, argued the cause and filed the briefs for appellant.

Timothy C. Gerking, Medford, argued the cause for respondent West American Insurance Co. of the Ohio Casualty Group. With him on the brief was Brophy, Wilson & Duhaime, Medford.

Christopher Ledwidge, Medford, argued the cause for respondent Hurley-Henderson Insurance, Inc. With him on the brief was Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiff appeals a summary judgment entered in favor of defendants, arguing that there were genuine issues of material fact and that summary judgment was therefore improper. We reverse and remand.

In September, 1985, plaintiff drove her automobile to work and parked in her employer's parking lot, which was across a public street from her employer's premises. After parking her car, she walked across the lot and had either entered or was about to enter the public sidewalk area when she was struck by an automobile driven by a co-employe, who was also on his way to work. Plaintiff filed a claim with the co-employe's insurance company and was paid $25,000, the liability limit on his policy. She then filed an underinsured motorist claim[1] with defendants, her own insurers, alleging additional damages in excess of $150,000. Defendants denied the claim, in part on the ground that her injury was not covered because she was within the scope of her employment at the time of the accident.[2] Plaintiff then filed the present action for a declaratory judgment that she is covered under the policy and a judgment for her damages.[3] After depositions had been taken, defendants moved for summary judgment pursuant to ORCP 47. The trial court granted the motion, and plaintiff appeals.

Summary judgment is proper when

> "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." ORCP 47C.

In reviewing a summary judgment, the record is viewed in the light most favorable to the party opposing the motion. *Seeborg*

---

[1] *See* ORS 743.789(2).

[2] Defendants also denied liability on the basis that plaintiff's insurance policy had lapsed at the time of the accident. However, defendants concede that this basis for denying liability was not raised in the motion for summary judgment below. Therefore we do not address the issue.

[3] Plaintiff also filed a workers' compensation claim with her employer. Employer denied the claim on the basis that plaintiff's injuries did not arise out of and in the course and scope of her employment. Plaintiff apparently did not request a hearing on the claim, and neither party asserts that the employer's denial has any evidentiary or legal significance in this action.

*v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

■ Plaintiff's underinsured motorist coverage provided that defendants would pay "damages which a covered person is legally entitled to recover from the owner or operator of an [underinsured] vehicle." Thus, if plaintiff was legally entitled to recover from the co-employe who hit her, then she was legally entitled to recover from defendants. Defendants argue that her recovery against them is barred by ORS 656.018(3), which exempts employes from liability for negligent acts committed against each other if the employer has complied with the Workers' Compensation Law and if the injured employe is acting within the course and scope of the employment at the time of injury. We agree that, if plaintiff was acting within the course and scope of her employment at the time of injury, ORS 656.018(3) entitles defendants to judgment as a matter of law. The question presented on appeal, therefore, is whether there was a genuine issue of fact as to whether plaintiff was within the course and scope of her employment at the time of injury.[4]

Oregon cases have uniformly held that employe injuries that occur in parking lots owned or maintained by the employer arise out of and in the course of employment. *Montgomery Ward v. Cutter,* 64 Or App 759, 762, 669 P2d 1181 (1983). Defendants argue that the evidence clearly establishes that plaintiff's injuries occurred in employer's parking lot and, therefore, arose out of and in the course of her employment. Defendants rely on plaintiff's statements in her deposition, in which she stated that the accident occurred in the parking lot. Specifically, she testified:

"[Counsel for defendants]: Why don't you tell me how the accident happened; when it was; where you were going; how it happened—that kind of thing.

"[Plaintiff]: Okay, * * * I had parked my automobile, gotten out of my car, walked diagonally across the parking lot *and was almost on the sidewalk when Mr. Tideman, the gentleman that hit me, turned into the driveway and struck my right leg.*

---

[4] Neither party separately addressed the issue of whether the co-employe was acting within the course and scope of his employment at the time he injured plaintiff. Because we conclude that there was evidence from which it could be found that plaintiff was not within the course and scope of employment and that, therefore, summary judgment was improper, we need not address that issue.

"* * * * *

"As he pulled into the driveway, he hit me in the right leg and I fell down. *I did not see him coming into the driveway, as I was facing sort of a diagonal, and like I said, I was almost on the sidewalk. * * *.*

"* * * * *

"[Counsel]: *Were you in the crosswalk at the time he hit you?*

"[Plaintiff]: *No; I was still in the parking lot.*

"* * * * *

"[Counsel]: Were you in front of the entrance to the parking lot?

"[Plaintiff]: The driveway into the parking lot, you mean? *I believe I had one foot on the sidewalk and one foot was still in the parking lot.*

"*It did not happen exactly in the driveway. He swung wide when he pulled in and it happened. I'm honestly not certain—it happened very, very fast * * *.*" (Emphasis added).

Plaintiff contends that there was a genuine issue of fact as to her exact location at the time of the accident. She relies on statements made in her affidavit submitted in opposition to defendant's motion for summary judgment:

"That I stated in my deposition * * * that I was almost to the sidewalk when struck by Mr. Tideman. I also stated in the deposition * * * that I had one foot on the sidewalk and one foot on the parking lot.

"That when giving the deposition I did not clearly describe the area for the reason that the sidewalk area is blacktop covered the same as the parking lot and the driveway from Klamath Avenue crosses the sidewalk area into the parking lot.

"That at the time that I was struck by Mr. Tideman's automobile I was in the crosswalk area, although I had one foot in the driveway area that crossed the sidewalk area when I was struck by Mr. Tideman's automobile.

"I cannot definitely say how far out into the sidewalk area I was at the time I was struck as I did not see the approaching vehicle of Mr. Tideman at the time I was struck."

Plaintiff also relies on exhibits attached to her response to the motion for summary judgment, which include

a written statement by Tideman, the co-worker who injured her, and Keen, another co-worker who arrived on the scene after plaintiff had been hit. Tideman stated that, when his vehicle struck plaintiff, "she was in the sidewalk portion of the parking lot and she came to rest near the middle of the sidewalk after she fell." Keen's affidavit stated that he found plaintiff "lying on the sidewalk area * * * in between the curb area and a parking lot sign located at the edge of the parking lot and the sidewalk area."

Defendants argue, relying on *Henderson-Rubio v. May Dept. Stores,* 53 Or App 575, 632 P2d 1289 (1981), that a material fact cannot be put in issue for purposes of opposing summary judgment by filing an affidavit that contradicts testimony given at a deposition. In *Henderson-Rubio,* the plaintiff was repeatedly asked during deposition to state the basis for his overtime wage claim. He specifically stated that it was based on his understanding of federal wage law, but that he was not aware of any company policy regarding the matter. After the employer filed a motion for summary judgment, the plaintiff filed an affidavit asserting that the employer had a policy regarding overtime wages. We held in that case that such an affidavit could not create a genuine issue of fact. However, we limited the case to its facts:

"This is not a case where plaintiff's affidavit explains or adds to his deposition; neither does he claim that he was confused at the time of his deposition. Plaintiff's affidavit directly conflicts with his deposition testimony. He made no attempt to explain this inconsistency." 53 Or App at 585.

We explained further in a footnote:

"Not all discrepancies contained in an affidavit justify a court's refusal to give credence to such evidence. *Our decision is limited to the facts of this and similar cases, where the two statements are clearly inconsistent and no attempt is made to explain the inconsistency.*" 53 Or App at 585 n 6. (Citations omitted; emphasis supplied.)

In this case, plaintiff did offer an explanation for the inconsistency between her deposition testimony and the assertions made in her affidavit. Further, she submitted statements by witnesses that arguably support her assertion that she was on the sidewalk at the time when she was injured. Viewing the record in the light most favorable to plaintiff, we

conclude that there is a genuine issue of fact as to her location at the time of the accident. Accordingly, summary judgment was improper.

Defendants argue in the alternative that, even if plaintiff was on the sidewalk at the time when she was injured, she was still within the scope of her employment and, therefore, cannot recover as a matter of law. Essentially, defendants argue that the "parking lot" rule of *Montgomery Ward v. Cutter, supra,* should be extended to cover not only injuries that occur on the employer's parking lot but also injuries that occur en route between the parking lot and the employer's premises.

■■    However, regardless of what the rule may be in other states, control over the premises is the crucial ingredient to parking lot injury cases in Oregon. In *Adamson v. The Dalles Cherry Growers, Inc.,* 54 Or App 52, 633 P2d 1316 (1981), the employe had parked her automobile in front of the employer's premises and was injured while walking to the front door. We held that she was not entitled to worker's compensation because she was not within the course and scope of her employment at the time of injury:

> "In this case, the claimant was injured on a public street, not on the employer's premises. The street was located between the employer's facilities and was frequently used by its employes. The claimant was forced to park on the street on the day of the injury because the other parking areas were full or inaccessible. The street was the only way she could get to her place of work. *However, there is no evidence that the street had become a part of the employer's facilities or that the employer regularly exercised control over street traffic, use of the street or its maintenance.*" 54 Or App at 58-59. (Emphasis supplied.)

*See also Montgomery Ward v. Malinen,* 71 Or App 457, 460, 692 P2d 694 (1984).

In this case, there is no evidence that plaintiff's employer exercised any control over the sidewalk area that plaintiff allegedly was on at the time of the accident. Accordingly, defendants were not entitled to judgment as a matter of law, and summary judgment was inappropriate.

Reversed and remanded.