Argued and submitted June 15, 1989, the decision of the Court of Appeals affirmed, the judgment of the circuit court reversed and case remanded to the circuit court for further proceedings January 25, 1990

## COPE,
*Respondent on Review,*

*v.*

## WEST AMERICAN INSURANCE CO. OF THE OHIO CASUALTY GROUP et al,
*Petitioners on Review.*

## WEST AMERICAN INSURANCE CO. OF THE OHIO CASUALTY GROUP,
*Third-Party Plaintiff,*

*v.*

## HURLEY-HENDERSON, INC.,
dba Hurley-Henderson Insurance, Inc., fka Driscoll, Padgett & Hurley,
*Third-Party Defendant.*

(86-356 CV; CA A45475; SC S36012)

785 P2d 1050

Timothy C. Gerking, Medford, argued the cause for petitioner on review, West American Insurance Company of the Ohio Casualty Group. Christopher A. Ledwidge, Medford, argued the cause for petitioner on review, Hurley-Henderson

Insurance, Inc. The petition for review and additional memorandum were jointly filed and included Brophy, Wilson, Duhaime, Mills, Schmor & Gerking, Medford, and Frohnmayer, Deatherage, deSchweinitz, Pratt & Jamieson, Medford.

George W. Kelly, Eugene, filed a response and argued the cause for respondent on review Cope.

CARSON, J.

Gillette, J., concurred and filed an opinion.

## CARSON, J.

This declaratory judgment action involves an automobile insurance policy coverage dispute between plaintiff-insured and defendants-insurers. The pivotal issue is whether an injury received by an employee who had parked her automobile in her employer's parking lot and was walking to work is a work-related injury compensable under workers' compensation law.

Plaintiff was employed by the Modoc Lumber Company in Klamath Falls. As a Modoc employee, plaintiff was permitted to park her vehicle in a parking lot located across a public street from her workplace. The lot was leased by Modoc and was available, free of charge, to Modoc employees. On September 25, 1985, plaintiff parked her vehicle in the parking lot and began to cross the parking lot on foot, on her way to work. Somewhere near the edge of the parking lot, plaintiff was struck by a vehicle driven by a co-employee, who was also on his way to work.

Plaintiff filed a claim against her employer for workers' compensation benefits. When that claim was denied on the basis that her injury was not work-related, plaintiff made a claim against the co-employee and his liability insurance carrier; she received $25,000, the limit of that policy. Plaintiff subsequently filed an underinsured motorist claim[1] with defendants, her insurers, alleging damages beyond those for which she had received compensation. When that claim was denied, plaintiff filed this action for a declaration that she was covered under her policy and was entitled to a judgment for her remaining damages.

Defendants moved for summary judgment contending that, as a matter of law,[2] plaintiff was not entitled to recovery under her insurance policy. Plaintiff's automobile insurance policy included underinsured motorist coverage,

---

[1] A claim may arise for underinsurance coverage when a tortfeasor's insurance coverage is less than the insured's uninsured motorist coverage. *See former* ORS 743.789, now ORS 742.502.

[2] There is a factual dispute as to whether the accident took place on the employer's parking lot or on the public sidewalk. Defendants contend that the rule of law should be the same in either event, rendering the disputed fact immaterial and no bar to summary judgment.

which provided that defendants would "pay damages which a covered person is *legally entitled* to recover from the owner or operator of an [underinsured] motor vehicle." (Emphasis added.) Defendants argue that plaintiff is not "legally entitled" to recover damages from her co-worker, because the sole remedy for her injury consists of workers' compensation benefits.

The circuit court granted defendants' motion. The Court of Appeals reversed. *Cope v. West American Ins. Co.*, 95 Or App 114, 768 P2d 410 (1989). We affirm the decision of the Court of Appeals.

ORS 656.018(1)(a) provides that:

> "The liability of every employer who satisfies the duty [to provide workers' compensation] is exclusive and in place of all other liability arising out of compensable injuries to the subject workers * * *."

The scope of this exclusive remedy is expanded by ORS 656.018(3) to include compensable injuries caused by the ordinary negligence of other employees of the employer. Thus, workers' compensation benefits normally are the sole remedy for an employee who suffers a "compensable injury" at the hands of her employer or a co-worker. *Kowcun v. Bybee*, 182 Or 271, 292, 295, 186 P2d 790 (1947).

■ A compensable injury is "an accidental injury * * * arising out of and in the *course* of employment." ORS 656.005(7)(a). If plaintiff's injury arose out of and in the course of employment, she would be entitled to workers' compensation benefits. Because of the exclusivity of this remedy, she would, therefore, not be "legally entitled" to recover from her co-worker in such circumstance. Accordingly, if plaintiff's injury is compensable under the workers' compensation provisions, she may not recover against defendants.

Most workers' compensation statutes, including Oregon's, do not define when an injury "aris[es] out of and in the course of employment." *See* 1 Larson, The Law of Workmen's Compensation § 6.10 (1989). In *Rogers v. SAIF*, 289 Or 633, 642-43, 616 P2d 485 (1980), this court adopted a unitary "work-connection" approach:

> "Although the relationship may be measured in different factual situations by the application of one test or another, the

ultimate inquiry is the same: is the relationship between the injury and the employment sufficient that the injury should be compensable?

"* * * * *

"* * * If the injury has sufficient work relationship, then it arises out of and in the course of employment and the statute is satisfied."

The statutory criteria "arising out of employment" and "in the course of employment" are two parts of the single work-connection analysis. *Phil A. Livesley Co. v. Russ,* 296 Or 25, 29, 672 P2d 337 (1983).

■ Courts have struggled with the question of how strong the connection between employment and the injury must be. In respect of the temporal aspect of the requirement, there potentially is wide latitude:

"Theoretically, the courts could have started protection from the moment a man left his home and was definitely headed for work; or they could have gone to the other extreme and required the worker not only to be on the premises, but to don his overalls and start his first work-operation." Horovitz, Current Trends in Workmen's Compensation 671 (1947).

Oregon has resolved this issue generally by adopting the "going and coming rule" or limitation, which provides that injuries sustained while going to or coming from the place of employment normally are not compensable. *SAIF v. Reel,* 303 Or 210, 216, 735 P2d 364 (1987); *Philpott v. State Ind. Acc. Com.,* 234 Or 37, 40, 379 P2d 1010 (1963). There are, however, some exceptions to the general rule that injuries sustained while going to or coming from work are not compensable.

■ For example, in *Nelson v. Douglas Fir Plywood Co.,* 260 Or 53, 488 P2d 795 (1971), the plaintiff was injured on her way to work at the intersection of a public road and her employer's private road leading to her employer's plant. The injury occurred when her automobile was hit by her employer's truck, which was emerging from the private road. The evidence showed that most of the traffic in the area consisted of employees' automobiles and employer's trucks. While recognizing the general rule that injuries sustained while going to or coming from work are noncompensable, the court found that the plaintiff was in the course of her employment at the time of the injury:

"* * * It is immaterial whether the road the employee is required to travel in order to reach the plant is public or private if the employee is exposed to hazards in a greater degree than the common public.

"* * * If the employee's employment requires him to use an entrance or exit to or from his work which exposes him to hazards in a greater degree than the common public, he is regarded as being within the course of his employment." 260 Or at 57. (Citations omitted.)

Thus, if an employee is subjected by reason of her employment to a greater hazard than the general public, an injury sustained while going to work may be compensable.

■       A second exception to the "going and coming rule" presents itself when the injury occurs on the employer's premises, including an employee parking lot:

"Oregon cases have uniformly held that injuries that occur in parking lots that are owned or maintained by the employer arise out of and in the course of employment and are compensable. If the injury occurs in a parking lot or other off-premises area over which the employer has no control, it is generally not compensable." *Montgomery Ward v. Cutter,* 64 Or App 759, 762, 669 P2d 1181 (1983). (Citations omitted.)

Employer control over the premises is the rationale supporting the parking-lot exception. This rationale also has been applied in finding that injuries incurred in public places over which the employer exercises some control are compensable. In *Montgomery v. State Ind. Acc. Com.,* 224 Or 380, 356 P2d 524 (1960), the plaintiff was injured on a public street in front of his place of employment as the plaintiff was leaving work. However, the employer previously had convinced city authorities to install a traffic control light at the scene of the accident, and the employer controlled the light. Thus, the court concluded that, although the injury occurred after work on a public street (and thus normally would not be compensable under the "going and coming rule"), the employee was in the course of employment because the injury occurred in an area over which the employer exercised some control.

Only infrequently has this court considered the range of factual circumstances that give rise to a conclusion of employer control of the accident scene. On the other hand, the Court of Appeals has had a number of such opportunities.

*Adamson v. The Dalles Cherry Growers, Inc.,* 54 Or App 52, 633 P2d 1316 (1981), involved a worker slipping and falling on the street in front of her workplace, on her way to work. The Court of Appeals denied compensability, relying on the employer's lack of control. That court, after reviewing the cases of this court and its own on the issue, performed the following analysis, with which we agree:

> "In this case, the claimant was injured on a public street, not on the employer's premises. The street was located between the employer's facilities and was frequently used by its employes. * * * The street was the only way she could get to her place of work. However, there is no evidence that the street had become a part of the employer's facilities or that the employer regularly exercised control over street traffic, use of the street or its maintenance. * * * Finally, we do not think that use of the street exposed the claimant to a greater risk of injury than any other member of the public." 54 Or App at 58.

■    These cases demonstrate that when an employee traveling to or from work sustains an injury on or near the employer's premises, there is a "sufficient work relationship" between the injury and the employment only if the employer exercises some "control" over the place where the injury is sustained. Whether the requisite control is evinced by increased, employer-created hazards, *Nelson v. Douglas Fir Plywood Co., supra,* or by the employer's property rights to the area where the injury is sustained, *Kowcun v. Bybee, supra,* is immaterial. Some form of employer control of the area demonstrates the work-connection necessary to make the injury compensable.

■    As noted, defendants argue first that there was no genuine issue of material fact because even if plaintiff was not in the employer's parking lot at the time of the injury, she was still in the course of her employment. For purposes of this appeal only, defendants concede "that at the time of the accident, plaintiff was in an area for which there is no evidence of record that plaintiff's employer ever exercised 'control' insofar as that term is used to infer ownership, maintenance or influence," *viz:* the public sidewalk. Defendants invite us to

extend the "parking lot rule"[3] to include the situation where an employee has parked her vehicle in her employer's parking lot and "she is injured while going directly from that lot to the employer's premises by the only practical means available to her."

We decline defendants' invitation to extend the scope of Oregon's Workers' Compensation Law by narrowing the "going and coming rule." When an employee is injured on a public sidewalk over which the employer has no control, and on which there are no employer-created hazards, the connection between the injury and the employment is insufficient to make the injury compensable. This is so regardless of whether the employee has just come from the employer's parking lot.

■ ORCP 47 C provides, in part, that summary judgment is appropriate when

> "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In reviewing a summary judgment, the record is to be viewed in the light most favorable to the party opposing the motion. *Welch v. Bancorp Management Services,* 296 Or 713, 716, 679 P2d 866 (1984). In this case, there is conflicting evidence regarding plaintiff's location at the time she sustained an injury. Because the exclusive remedy of workers' compensation is applicable only to injuries which arise out of and are sustained in the course of employment, there remains a genuine issue of material fact regarding this matter. Accordingly, summary judgment was inappropriate.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed. This case is remanded to the circuit court for further proceedings.

**GILLETTE, J.,** concurring

I join fully in the decision of the Court. I write separately only to point out that there is an issue raised by the procedural posture of this case that we do not decide.

---

[3] It bears emphasis that the parking lot "rule" is in reality an *exception* to the general rule that injuries sustained while going to or coming from work are noncompensable.

Before argument in this case, we asked the parties by letter to address the following questions:

"Under what circumstances can a trial court decide as a matter of law that a worker is within workers' compensation coverage? When is that not a question in the primary jurisdiction of the workers' compensation system?"

We put these questions to the parties because it appeared that this might be a case for application of the administrative practice or doctrine known as "primary jurisdiction." Our opinion does not mention this doctrine; I agree that, given the posture in which this case comes to us, it need not mention it.

"Primary jurisdiction" is a court-created doctrine that recognizes that there are circumstances in which an administrative agency, rather than a court, ought to make the initial determination of legal questions that fall within the scope of the agency's statutory authority. *See generally,* 4 K. Davis, Administrative Law Treatise § 22 (2nd ed. 1983). In the present context, the doctrine arguably would call for the Workers' Compensation Board or a referee, rather than the trial court, to rule on whether plaintiff was within the jurisdiction of the workers' compensation system. However, no one suggested to the trial court in this case that the matter should be referred to the Workers' Compensation Board.

Surprisingly, there have been relatively few appellate decisions that have applied the doctrine of primary jurisdiction to the subject of workers' compensation law. *See generally,* 2 A. Larson, The Law of Workmen's Compensation § 67.60 (1989). The majority of courts that have considered whether the workers' compensation adjudicatory system has primary jurisdiction to determine whether a particular claim falls within the statutory workers' compensation scheme have concluded that the courts and the administrative agency have concurrent jurisdiction to determine the issue. Thus, the first tribunal to face the issue is entitled to decide it. *See, e.g., Ehredt v. DeHavilland Aircraft Co. of Canada,* 705 P2d 446 (Alas 1985); *Yavitch v. Workers' Comp. Appeals Bd.,* 142 Cal App 3d 64, 190 Cal Rptr 793 (1983); *Ward v. General Motors Corp.,* 431 A2d 1277 (Del Super 1981); *Singer Shop-Rite, Inc. v. Rangel,* 174 NJ Super 442, 416 A2d 965 (1980); *Jones Drilling Company v. Woodson,* 509 P2d 116 (Okla 1973); *S. D. Med. Service, Inc. v. Minn. Mut. Fire & Cas. Co.,* 303 NW 2d 358

(SD 1981). Cases holding that the workers' compensation system has primary jurisdiction include: *Harrington v. Moss,* 407 A2d 658 (D.C. 1979); *Profitt v. J. G. Watts Construction Company,* 140 Mont 265, 370 P2d 878 (1962); *O'Rourke v. Long,* 41 NY 2d 219, 391 NYS 2d 553, 359 NE 2d 1347 (1976). By our decision today, we do not choose between these two rationales; we leave the matter for another day.

Whether and when the doctrine of primary jurisdiction is applicable to the workers' compensation system is an interesting issue, and important to the most efficient administration of our burdened workers' compensation system. The day may come when a party to a court requests and either is granted or denied the right to have the issue of workers' compensation jurisdiction referred to the workers' compensation system. At that time, it may be appropriate to resolve the issue. Until that day, however, I am content to let stand the decision of a court of competent general jurisdiction that assumes the court's authority.