959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert B. JANES, Plaintiff-Appellant,
v.
J. Alan BLODGETT, Defendant-Appellee.
 No. 90-35853.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1992.
Decided April 3, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 J. Alan Blodgett was the President and CEO of American Savings and Loan Association ("American"). He discharged Robert B. Janes, an American vice-president. Janes brought this action alleging that Blodgett interfered with Janes' contractual and economic interests with American. The district court granted summary judgment to Blodgett, and Janes appeals.
 
 
 3
 * To prevail against Blodgett's summary judgment motion, Janes is required to come forward with sufficient evidence demonstrating to the district court that there were genuine issues of material fact to be decided by a trial. Fed.R.Civ.P. 56(e).
 
 
 4
 Rule 56(c) mandates the entry of summary judgment, ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
 
 
 5
 Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 We are not persuaded that Janes presented sufficient evidence demonstrating disputed issues of fact requiring a trial in this case. Janes merely offered his own allegations and theories regarding Blodgett's motive and means. Cf. Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1459 (9th Cir.1985) ("Mere assertions of discriminatory motive and intent, however, are inadequate."), cert. denied, 475 U.S. 1048 (1986). He failed "to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of [an] element" of his claim. California Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir.1987), cert denied, 484 U.S. 1006 (1988). Janes failed to establish an essential element of his claim that Blodgett acted out of an improper motive or used improper means.
 
 
 7
 Blodgett's motion and the supporting evidence demonstrated the absence of genuine issues of fact for trial. Janes was then required to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Janes did not produce evidence showing the existence of controverted genuine issues. Hence, summary judgment for Blodgett was appropriate.
 
 II
 
 8
 Assuming arguendo that there were genuine issues of fact as to whether Blodgett interfered with Janes' contract, we would then be required to decide whether Blodgett's interference was privileged. Top Serv. Body Shop, Inc. v. Allstate Ins. Co., 582 P.2d 1365, 1371 (Or.1978). Oregon defines the privilege: "[S]o long as the person inducing the breach of a corporate contract is an officer or employe [sic] acting for the benefit of the corporation and within the scope of his authority, the plaintiff cannot ... maintain an interference with contract action." Wampler v. Palmerton, 439 P.2d 601, 607 (Or.1968) [footnote omitted].
 
 A. Scope of Authority
 
 9
 As the President and CEO, Blodgett was acting within the scope of his employment in discharging one of American's employees. Furthermore, Blodgett cautiously sought and secured the approval of the Board and the federal regulators before firing Janes. American's Board voted unanimously to allow Blodgett to fire Janes because it was in American's best interests. Blodgett acted within the scope of his corporate authority in firing Janes.
 
 B. Benefit of the Corporation
 
 10
 In Oregon, "as long as the agent's actions are within the scope of his employment and taken with an intent to further the best interests of the principal[ ] ... it is immaterial that the agent or another principal also profits by the advice." Welch v. Bancorp Management Advisors, Inc., 675 P.2d 172, 178-79 (Or.1983), modified on other grounds, 679 P.2d 866 (Or.1984). Hence, even if Blodgett had "mixed motives" in firing Janes and was serving his own interests, Blodgett was still privileged because he was also serving American's interests. Welch, 675 P.2d at 178.
 
 
 11
 The evidence Blodgett submitted demonstrated the lack of a genuine issue regarding whether Blodgett was serving American's interests. The Board unanimously voted to allow Blodgett to fire Janes because it was in American's "best interests." The federal regulators also agreed that Janes should be fired. Blodgett was furthering, at least in part, the interests of his principal.
 
 
 12
 The Oregon courts have applied this privilege so "that a corporate officer, advisor or other agent who induces the corporation to breach a contract is liable to the other party for intentional interference with an economic relation only if benefit to the corporation played no role in the officer's action." Harm v. Central Life Assurance Co., 813 P.2d 1103, 1106 (Or.Ct.App.1991) (emphasis added) (quoting Beck v. Croft, 700 P.2d 697 (Or.Ct.App.), rev. denied, 704 P.2d 513 (Or.1985)).[1]
 
 
 13
 Thus, even if Janes is correct that Blodgett was predominately motivated by selfish interests, it still cannot be said that the interests of American played no role in Blodgett's decision to fire Janes. The evidence demonstrated that the Board, Blodgett, and the federal officials all thought it was in American's best interests to discharge Janes.[2]
 
 
 14
 Viewing the evidence presented on the question of privilege in the light most favorable to Janes, the pleadings, depositions, and affidavits submitted to the district court did not demonstrate any genuine issues of material fact to be decided by a trial regarding the applicability of the privilege. Fed.R.Civ.P. 56(e). Hence, summary judgment for Blodgett was appropriate as a matter of law, even if he used improper means or had an improper motive, because he was privileged to discharge Janes.
 
 
 15
 We affirm the grant of summary judgment to Blodgett because Janes did not sufficiently establish the elements of his claim to raise a genuine issue of fact. Furthermore, Blodgett was privileged in discharging Janes because he acted within the scope of his authority and for the benefit of American.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Harm does not stand for the proposition that conflicting evidence regarding motive requires the privilege question to go to the jury. The issue of privilege is decided as is any other; summary judgment is appropriate if there are no genuine issues of fact. Indeed, the Oregon Supreme Court affirmed a grant of summary judgment in Welch even with conflicting evidence before the trial judge regarding the motive of the financial advisors. Welch, 675 P.2d at 174, 179. The court of appeals decision in Harm cannot possibly be read as reversing the Oregon Supreme Court's position that summary judgment is appropriate on the privilege, even with conflicting evidence of motive, if there are no genuine questions that the defendant had at least in part a good motive
 The Harm case arose in a different procedural setting raising different questions than does this appeal. In Harm, the court of appeals was reviewing a jury verdict, which denied the privilege, for sufficient evidence. Id. at 1105. That court only decided the issue of whether the plaintiff's evidence had to disprove any and all good motive by the defendant. Id. at 1106. The court held that the verdict could be affirmed because the jury could have believed only the evidence showing bad motive. Id. The Harm decision does not address or even discuss whether summary judgment is proper in these situations. Hence, we follow the lead of the Oregon Supreme Court that summary judgment on the issue of privilege is proper, even with conflicting evidence on motive, if there are no issues of fact regarding the scope of authority and intent to benefit the corporation. Welch, 675 P.2d at 179-80.
 
 
 [2]
 Blodgett also met the Oregon definition of acting in good faith because we are persuaded that good faith on the part of an officer or advisor means only "an intent to benefit the corporation." Wampler, 439 P.2d at 607. Even if an agent or officer receives some derivative benefit from the corporate breach of contract, it does not negate good faith if the agent also intends to benefit the corporation. Id. at 606-07