70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Asghar R. SADRI, Plaintiff-Appellant,
v.
SPECTRUM PROPERTIES INCORPORATED, an Oregon corporation; CB
Commercial Real Estate Group, Inc., a California
corporation; Donald Maltase,
Defendants-Appellees.
 No. 94-35423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Nov. 3, 1995.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Sadri appeals from a summary judgment in favor of CB Commercial Real Estate Group, Inc. and Donald Maltase (collectively referred to as Maltase). The district court held that no genuine issue of fact exists with respect to any of Sadri's claims. The district court had jurisdiction under 28 U.S.C. Sec. 1332. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 2
 A district court's entry of summary judgment is reviewed de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995). When reviewing a district court's summary judgment, we must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. No genuine issue for trial exists where the record as a whole could not lead the trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 3
 Sadri first requests economic damages arising out of Maltase's alleged intentional interference with Sadri's contract relations. Sadri argues that he would have had an enforceable option agreement to buy a piece of property from Spectrum Properties, Inc. (Spectrum) had Maltase not interfered by failing to deliver timely the option agreement to Sadri and by falsely representing to Spectrum that Sadri had requested more time to perform under the option agreement.
 
 
 4
 To state a claim for intentional interference under Oregon law, Sadri must allege that Maltase intentionally interfered with a valid business relationship "through improper means or for an improper purpose." Uptown Heights Assoc. v. Seafirst Corp., 891 P.2d 639, 646 (Or.1995). Sadri asserts that Maltase's actions evidence an improper purpose or motive. An agent such as Maltase acts under an improper motive where he acts (1) with the sole purpose to benefit himself; or (2) outside the scope of his authority. Welch v. Bancorp Management Advisors, 675 P.2d 172, 178 (Or.1983) ( Welch ), modified by, 679 P.2d 866 (Or.1984). "[A]n agent is not liable to a third party for intentional interference with contract even if the agent acts with 'mixed motives' to benefit himself or another principal as well." Welch, 675 P.2d at 178.
 
 
 5
 Sadri has not produced any evidence supporting his claim that Maltase acted solely out of selfish motives or outside the scope of his agency. At worst, Sadri has shown only that Maltase had an incentive to act with "mixed motives" to benefit himself and Spectrum, his principal. The district court therefore properly granted summary judgment in favor of Maltase on this claim.
 
 
 6
 Sadri also requests economic damages arising out of Maltase's alleged negligence. He asserts that Maltase (1) acted negligently by failing to deliver promptly the option agreement to Sadri; (2) falsely represented to Spectrum that Sadri had requested more time to perform under the option agreement; and (3) failed to confirm that Sadri had not signed the option agreement before advising Spectrum to sell its property to a third party, David Jubb.
 
 
 7
 Even if Sadri's factual assertions are true, he cannot prevail on a negligence claim against Maltase for the recovery of purely economic losses. Under Oregon law, "a negligence claim for the recovery of economic losses ... must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." Onita Pacific Corp. v. Bronson, 843 P.2d 890, 896 (Or.1992). A duty of care to protect against economic loss arises only when a party acts "at least in part, to further the economic interests of the person to whom the duty is owed." Id. at 897. As an agent for Spectrum, Maltase owed no duty to Sadri.
 
 
 8
 Oregon statutes regulating the conduct of real estate agents do not alter this conclusion. Regardless of whether Oregon Revised Statutes Chapter 696 provides an appropriate standard of care for real estate agents, it does not create a special relationship of the sort required by Onita. Nothing in Chapter 696 suggests that a real estate agent for a seller has a duty to further the financial interests of the buyer.
 
 
 9
 AFFIRMED.
 
 
 10
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.